**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cr-20024/BLOOM**

UNITED STATES OF AMERICA,

v.

JAMES STAFFORD SINCLAIR, JR.,

      Defendant.

_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Motion *in Limine* ("Motion"), ECF No. [112]. Defendant James Stafford Sinclair, Jr. ("Defendant") filed a Response ("Response"), ECF No. [113]. The Court has reviewed the Motion, the opposing submission, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

## I.    BACKGROUND

In April 2025, the Government filed a six-count Superseding Indictment against Defendant charging him with (i) one count of Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), (ii) three counts of Possession of a Firearm Not Identified by Serial Number in violation of 26 U.S.C. § 5861(i), and (iii) two additional counts of Possession of a Firearm Not Identified by Serial Number in violation of 26 U.S.C. § 5861(i). ECF No. [27].

The Government's Motion seeks the following pretrial rulings: (1) that the Court deem admissible evidence regarding law enforcement's investigation into Defendant prior to his arrest; (2) that the Court preclude Defendant from introducing evidence or argument relating to jury nullification; and (3) that the Court require Defendant, should he choose to testify, to proceed in question-answer format. ECF No. [112] at 1.

Defendant objects to the Government introducing evidence regarding law enforcement's investigation into Defendant prior to his arrest as lacking in evidentiary basis and irrelevant. ECF No. [113] at 1–4. Next, while Defendant concedes that jury nullification arguments are improper and represents that he does not intend to raise them, he argues that the Government's request is overbroad, as it would impede his ability to "challenge the sufficiency, reliability, and credibility of the Government's evidence and to argue that the Government has failed to meet its burden of proof beyond a reasonable doubt," necessary elements of a complete defense. *Id.* at 4–5. Finally, Defendant argues that "whether to allow narrative testimony is a matter of discretion to be exercised based on the circumstances at trial, not resolved through a blanket pretrial ruling." *Id.* at 5–6.

## II.   LEGAL STANDARD

### A.  Motions *in Limine*

"A motion *in limine* is made before a trial has begun for the purpose of excluding or including certain evidence." *Ramones v. Experian Info. Servs.*, No. 19-62949-Civ-Scola, 2021 WL 4050874, at *4 (S.D. Fla. Sept. 3, 2021) (citation omitted). "The purpose of a motion *in limine* is to give the trial judge notice of the movant's position in order to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Id*. Courts only have the power to exclude evidence *in limine* if that evidence is "clearly inadmissible on all potential grounds." *Id*. "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010). During trial, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. 41–42.

## B. Relevance

While irrelevant evidence is never admissible, "[r]elevant evidence is admissible" unless the Constitution, a federal statute, the Federal Rules of Evidence, or another rule made by the Supreme Court provides otherwise. Fed R. Evid. 402. According to Rule 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R. Evid. 401.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. The Eleventh Circuit Court of Appeals has "long said that Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'" *United States v. McGregor*, 960 F.3d 1319, 1324 (11th Cir. 2020) (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). When resolving a challenge based on Rule 403, the district court "must 'look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id*. (quoting *Aycock v. R.J. Reynolds Tobacco Co*., 769 F.3d 1063, 1069 (11th Cir. 2014)).

## C. Inextricably Intertwined Evidence

Generally, "[r]elevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013)

(citation omitted). Apart from direct evidence, the Eleventh Circuit deems evidence intrinsic and admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *Id*. Evidence intrinsic to the charged offenses is admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Id*. (internal citation omitted).

An uncharged, extrinsic act arises out of the same transaction or series of transactions if it is "linked in time and circumstances" with the charged crime or "involve[s] the same people and criminal scheme." *United States v. Harding*, 104 F.4th 1291, 1296 (11th Cir. 2024). There is "no firm temporal requirement [but] the uncharged act must be 'connected with the offenses charged.'" *Id.* (internal citation omitted). An extrinsic act is necessary to complete the story of the crime if it explains the "'context, motive, and set-up of the crime' or reveals important details about the criminal scheme." *Id.* at 1297 (internal citation omitted). An extrinsic act is inextricably intertwined with the charged offense if it "'forms an integral and natural part of' an account of a crime, or it is 'vital to an understanding of the context of the government's case[.]'" *Id.* (internal citations omitted).

Regardless of whether evidence is characterized as intrinsic, it must comply with Federal Rule of Evidence 403, which provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. White*, 848 F. App'x 830, 840 (11th Cir. 2021).

## III.   DISCUSSION

**A. Introduction of Evidence of Law Enforcement's Investigation of Defendant as Intrinsic Evidence**

The Government seeks "an order admitting testimony from the [undercover law enforcement officer ("UC")] and law enforcement and limited documentary evidence regarding the events leading up to [] Defendant's arrest on September 18, 2024." ECF No. [112] at 7. Specifically, the Government seeks to introduce:

> (i) testimony from the UC regarding the two controlled purchases and the Chevy Malibu present at each; (ii) testimony from law enforcement conducting surveillance who observed the Chevy Malibu at each of the controlled purchases and on September 18, 2024, the date of Defendant's arrest; and (iii) limited text messages, to include the Firearms Video depicting the Defendant that was sent to the UC just prior to the planned September 18, 2024, purchase of four assault rifles.

*Id.* at 7–8. The Government argues that this evidence is inextricably intertwined with the investigation that led to Defendant's arrest and "therefore goes to the core of this case." *Id.* at 7. First, as to the Chevy Malibu that Defendant was ultimately found to be driving at the time of his arrest, it was present at each of the two prior controlled purchases. *Id.* at 8. In this sense, evidence regarding the car and the two prior controlled purchases is squarely intrinsic. *Id.*

Second, the Firearms Video, the Government argues, is direct evidence of the crimes charged in Counts 2 through 6, because it depicts Defendant handling identical firearms to those charged. *Id.* at 9. That evidence directly shows that Defendant knowingly possessed the firearm and knew that the firearm did not have a serial number. *Id.* In order to enable the jury to understand the Firearms Video, the Government "seeks to admit limited text messages sent in conjunction with the video to explain what it depicts, why it was sent, and its connection to the charged firearms"—to anchor the Firearms Video. *Id.* Thus, the Firearms Video and limited text messages "are inextricably intertwined with the charged offenses because they directly bridge the gap

5

between the controlled purchases and the arrest." *Id*. at 10. The probative value of the evidence is high and not substantially outweighed by the risk of unfair prejudice, and exclusion of the evidence "would simply make the [G]overnment's case incomprehensible." *Id*.

Defendant responds that because the Government concedes that law enforcement could not identify the diver of the Chevy Malibu during the prior controlled purchases, "there is no evidentiary basis tying [Defendant] to those transactions." ECF No. [113] at 2. "Where, as here, the Government cannot establish that the Defendant participated in the prior acts, those acts cannot be deemed intrinsic to the charged offenses." *Id*.

Moreover, Defendant argues that the "mere presence of a vehicle allegedly linked to [] Defendant's girlfriend is insufficient to transform separate, uncharged transactions into intrinsic evidence of the charged possession offenses." *Id.* at 3. Instead, this evidence would "invite precisely the sort of impermissible propensity reasoning that Rule 404(b) prohibits," as it would encourage the jury to infer that because Defendant was associated with a vehicle used in prior firearm transactions, he must have been involved in those transactions and therefore possessed firearms in this case. *Id*.

Next, Defendant argues the evidence is inadmissible under Rule 403, as the introduction of two separate gun transactions involving a codefendant "would create an unfair prejudice, confuse the issues, and mislead the jury into believing that [] Defendant is being tried for conduct not charged in the indictment." *Id.* at 3–4. And importantly, Defendant contends the Government can make its case without this evidence. *Id.* at 4.

Finally, Defendant concedes that "[a]ny evidence related to the arrest on September 18, 2024, that speak to the third transaction resulting in the arrest, if properly authenticated, would be

admissible." *Id*. However, Defendant argues any text messages not involving Defendant should be excluded as irrelevant and unduly prejudicial. *Id*.

The Court agrees that the Government may introduce evidence regarding law enforcement's investigation into Defendant prior to his arrest. The Court finds that this evidence "tends to explain the context, motive, and set-up of the crime." *United States v. Jeanty*, 358 F. App'x 55, 58 (11th Cir. 2009). Furthermore, it is "forms an integral and natural part of an account of the crime," *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985), and is "vital" to understanding the Government's case against Defendant. *United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998).

Specifically, the Court finds that evidence regarding the prior transactions and the presence of the Chevy Malibu at each transaction is relevant and intrinsic, as it explains why law enforcement stopped and searched the Chevy Malibu on September 18, 2024. As the Government points out, without this evidence, it would be utterly nonsensical to the jury why "a random vehicle, being surveilled by law enforcement for no reason at all, had its occupants immediately removed from the car, handcuffed, and detained." ECF No. [112] at 8; see also *United States v. Flowers*, 531 Fed. App'x 975, 984 (11th Cir. 2013) (admitting inextricably intertwined evidence that "was needed to explain basic facts, such as why the police searched [the defendant's] home" (citing *McLean*, 138 F.3d at 1403). Indeed, testimony regarding the prior transactions and the presence of the Chevy Malibu at each transaction "provides context to the offenses and explains how and why government agencies began the investigation that led to" Defendant*. United States v. Parnell*, 32 F. Supp. 3d 1300, 1307 (M.D. Ga. 2014). "Without that information, the jury would be invited to

speculate about the background to the prosecution." *Id*.[1]

Moreover, the likelihood of confusion or undue prejudice, as contemplated by Rule 403, does not substantially outweigh the evidence's probative value. The evidence of the ongoing investigation "completes the overall narrative in this case by illustrating the context and background for the investigation." *Id.* at 1308. No evidence from September 18, 2024 alone—as suggested by Defendant—could provide "that evidentiary richness." *Id*.

As to the limited text message evidence, the Court similarly finds it admissible. The Firearms Video constitutes direct evidence, and Defendant provides very little argument for why it or the texts associated with it should be excluded. The Government represents that it seeks to admit only texts that plainly "involve" Defendant, ECF No. [113] at 4, insofar as they feature the Firearms Video which depicts Defendant. In that sense, all the text messages the Government seeks to admit would fall into the category of evidence that Defendant concedes is admissible.

Moreover, even if the text messages cannot be said to "involve" Defendant in the sense that he was not the sender or recipient, the Court fails to see how the Government could show what the Firearms Video "depicts, why it was sent, and its connection to the charged firearms," ECF No. [112] at 9, in the absence of the surrounding text messages. The text messages give critical meaning and context to the Firearms Video. They are, therefore, plainly relevant.

Defendant offers no argument why these messages would be "unduly prejudicial" aside

---

[1] Defendant's argument that there is no evidentiary basis tying Defendant to the prior transactions, ECF No. [113] at 2, misses the mark. The key question is whether the Government could coherently explain why it was investigating the driver of the Chevy Malibu on September 18, 2024, whoever he or she was, without the context of the prior transactions. The Court finds that it could not. The Government does not need to show that it was *Defendant* driving the Chevy Malibu on the prior occasions to render the evidence admissible; it need only show that the car and the prior transactions are an integral part of the story as to why law enforcement stopped the car and removed its occupants on September 18, 2024.

from a single, conclusory assertion that they would be, and the Court finds that Defendant has not carried his burden of showing inadmissibility. *Gonzalez*, 718 F. Supp. 2d at 1345. Moreover, there is no independent reason to disqualify the evidence on the basis of unfair prejudice. The Government has to prove that Defendant knowingly possessed a firearm and knowing possessed a firearm that lacked a serial number; the Firearms Video is relevant to show this, and the text messages are relevant for contextualizing the Firearms Video. Thus, the probative value of the evidence outweighs any unfair prejudice, and the Court deems the text messages surrounding the Firearms Video admissible.

The Government may introduce evidence of law enforcement's investigation into Defendant prior to his arrest—including evidence regarding the Chevy Malibu's presence at two prior transactions and the text messages surrounding the Firearms Video—as this evidence is inextricably intertwined with the charged offenses.

## B. Preclusion of Jury Nullification Evidence or Argument

The Government next moves to preclude Defendant from "introducing evidence or argument relating to jury nullification." ECF No. [112] at 1. Specifically, the Government seeks to preclude "evidence or argument that the ammunition and firearms were recovered in violation of the Defendant's constitutional rights, and evidence or argument that the Defendant's felony conviction for marijuana possession is not the type of felony conviction that should bar the Defendant's possession of ammunition[.]" *Id*. Fundamentally, the Government first seeks to prevent Defendant from suggesting to the jury that evidence the Court deems admissible "was improperly admitted or obtained in violation of his constitutional rights," as this is an attempt at jury nullification. *Id.* at 13. The Government also asks the Court to preclude Defendant from

"minimizing the nature of his prior felony conviction in an attempt to elicit sympathy or invite nullification," including by characterizing it as "minor, non-violent, or not the type of felony offense meant to bar a person from possessing ammunition." *Id*. at 14.

Defendant responds that he recognizes that arguments for jury nullification are improper and that he does not intend to introduce such arguments. ECF No. [113] at 4. However, Defendant argues the Government's request is "overbroad," as it would sweep in challenges to the "sufficiency, reliability, and credibility of the Government's evidence" and arguments that "the Government has failed to meet its burden of proof beyond a reasonable doubt." *Id.* (citations omitted). Thus, "any order entered by this Court should be narrowly tailored to prohibit true nullification arguments while preserving the Defendant's ability to test the Government's proof before the jury." *Id.* at 5.

Consistent with the Eleventh Circuit's clear mandate, the Court agrees that Defendant is precluded from introducing any arguments regarding jury nullification. *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998). However, the Court carefully defines the contours of this ruling. Defendant may not raise arguments intended "to improperly inspire a jury to exercise nullification." *United States v. Moss*, 297 F. App'x 839, 841 (11th Cir. 2008) (citation omitted). This includes arguments that any past felony convictions are "minor, non-violent, or not the type of felony offense meant to bar a person from possessing ammunition," ECF No. [112] at 14, as such arguments "could serve but one purpose, to cause jury confusion or nullification." *United States v. Jean-Charles*, No. 15-80055-CR, 2015 WL 7820716, at *5 (S.D. Fla. Dec. 2, 2015); *see also United States v. Joseph*, 567 F. App'x 844, 849 (11th Cir. 2014) (holding that a defendant is restricted to "legally tenable"

arguments). Similarly, Defendant may not relitigate the constitutional arguments presented in his Amended Motion to Suppress, ECF No. [60], associated Motion for Reconsideration, ECF No. [97], or Motion to Dismiss Indictment, ECF No. [86], which were addressed by the Court, ECF Nos. [81] and [104]. "Defendant has not provided—nor can the Court perceive—any purpose for these topics other than to suggest jury nullification." *United States v. Williams*, No. 17-14050-CR, 2017 WL 11607837, at *7 (S.D. Fla. Nov. 13, 2017).

However, nothing in this proscription should be read to limit in any way Defendant's right and ability to challenge the "sufficiency, reliability, and credibility of the Government's evidence" or to "cross-examine witnesses, challenge the credibility of the investigation, and argue that the Government has failed to meet its burden of proof." ECF No. [113] at 4–5. For instance, it does not preclude Defendant from arguing that the Government has not adequately proven the existence of a predicate felony offense, nor does it prevent him from raising otherwise permissible challenges to the admissibility of evidence.

### C. Requirement that Defendant Proceed in Question-Answer Format

The Government's final request is that Defendant, should he proceed *pro se* and choose to testify, be required to "proceed in question-answer format and refrain from narrative testimony." ECF No. [112] at 14. Doing so would enable the Government to object to impermissible or improper testimony before it is heard by the jury. *Id*. This request "would prevent distractions or wasting the jury's time with lines of testimony that may be irrelevant, prejudicial, or patently improper." *Id*.

Defendant responds that "there is no rule requiring a categorical prohibition on narrative testimony." ECF No. [113] at 6. This "is a matter of discretion to be exercised based on the

circumstances at trial, not resolved through a blanket pretrial ruling." *Id*. Moreover, Defendant argues that "[a] preemptive prohibition is unnecessary because the Government may object to specific testimony if and when it becomes improper." *Id*.

Insofar as Defendant remains represented by counsel, the Court finds this argument premature and denies the Government's motion *in limine* as to this issue.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

The Government's Motion *in Limine*, **ECF No. [112],** is **GRANTED IN PART** and **DENIED IN PART.** It is granted as to the Government's first and second requests regarding, respectively, (i) evidence of the investigation into Defendant prior to his arrest and (ii) jury nullification. It is denied as to the Government's third request regarding the format of potential testimony by Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record